# Exhibit 2

FEDERAL DEPOSIT INSURANCE CORPORATION

WASHINGTON, D.C.

CERTIFICATION

I, Jennifer M. Jones, Deputy Executive Secretary, Federal Deposit Insurance Corporation, hereby certify and attest that the annexed document is a true and correct copy of an official record of the Federal Deposit Insurance Corporation, said official record being contained in the case files relating to "In the Matter of John C. Ponte, an institution-affiliated party of Independence Bank, East Greenwich, Rhode Island," Docket Nos. FDIC-22-0109e and FDIC-22-0143b:

A document entitled "Stipulation and Consent to the Issuance of an Order of Prohibition from Further Participation," which was executed on October 15, 2024.

I have subscribed my name and caused the seal of the Corporation to be affixed hereon, this 23rd day of January, 2026.



**089069**

JENNIFER JONES
Digitally signed by JENNIFER JONES
Date: 2026.01.23 13:58:41 -05'00'

Jennifer M. Jones
Deputy Executive Secretary

EXHIBIT 2 PAGE 1

FEDERAL DEPOSIT INSURANCE CORPORATION

WASHINGTON, D.C.

| | |
|---|---|
| In the Matter of<br><br>John C. Ponte, an institution-affiliated party of<br><br>Independence Bank<br>East Greenwich, Rhode Island<br><br>(Insured State Nonmember Bank)<br><br>Respondent's NMLS UI# N/A | STIPULATION AND CONSENT TO THE ISSUANCE OF AN ORDER OF PROHIBITION FROM FURTHER PARTICIPATION<br><br>FDIC-22-0109e<br>FDIC-22-0143b |

John C. Ponte (Respondent) received a Notice of Intention to Prohibit from Further Participation, Notice of Charges for an Order for Restitution, Notice of Assessment of Civil Money Penalties, Findings of Fact and Conclusions of Law, Orders to Pay, Notice of Hearing, and Prayers for Relief (collectively, Notices) detailing Respondent's violations and unsafe or unsound banking practices for which an Order of Prohibition from Further Participation (Prohibition Order), Order to Pay a civil money penalty (Order to Pay), and Consent Order (collectively, Orders) may be issued under 12 U.S.C § 1818(e), (i), and (b). Respondent was further advised of the right to a hearing on the Notices under 12 U.S.C. § 1818(e), (i), and (b), and 12 C.F.R. part 308. The FDIC has since foregone its claims for an Order to Pay under 12 U.S.C § 1818(i).

Subject to the Federal Deposit Insurance Corporation's (FDIC) acceptance of this Stipulation and Consent to the Issuance of an Order of Prohibition from Further Participation and Consent Order (Consent Agreement), a representative of the FDIC's Legal Division and

EXHIBIT 2 PAGE 2

Respondent agree to the following:

1. The FDIC determined and Respondent neither admits nor denies that, from 2017 to 2019, Respondent originated potential loan applications for the benefit of Independence Bank (Bank). These potential loan applications were underwritten by the Bank. In the course of originating the potential loan applications, the Respondent violated regulations and participated in an unsafe or unsound practice in connection with the Bank, with regard to those applications. The Respondent's violations and practices in connection with the Bank resulted in financial gain and unjust enrichment for the Respondent and caused financial loss to the Bank and demonstrated a willful disregard for the safety or soundness of the Bank.

2. The FDIC will issue a Prohibition Order, effective upon issuance, based on the actions described in paragraph 1.

3. The FDIC will issue a Consent Order, effective upon issuance and based on the actions described in paragraph 1, that will require payment by the Respondent to a FDIC designated escrow account or third-party law firm or settlement agent in the amount of $1,000,000 to reimburse parties (not including the Bank) the FDIC determines to be affected by the conduct described in paragraph 1.

4. The Respondent will comply with the Consent Order by submitting two (2) payments—totaling $1,000,000.00 (the Reimbursement Amount)—to the FDIC. The first payment will be due immediately and will be in the amount of $326,000. The second payment of $674,000 must be paid in one lump sum and will be due within one year from the issuance of the Prohibition Order. The payments must be made by certified check (or other method as prescribed by the FDIC) payable to a third-party law firm or settlement agent as designated by the FDIC or in such other

method as prescribed by the FDIC. This designation will be communicated to Respondent through separate correspondence. Respondent Ponte bears the costs of the third-party law firm or a settlement agent.

5. Respondent agrees to take no action to further prosecute Ponte v. Federal Deposit Insurance Corporation, Case No. 1:24-cv-2379-APM, which was dismissed by the United States District Court for the District of Columbia on October 11, 2024. In this regard, Respondent waives all rights to appeal that case to the United States Court of Appeals for the D.C. Circuit, or to seek reconsideration of any ruling from the United States District Court, or to litigate the issues in that case in any other state or federal court.

6. Respondent agrees not to seek or accept indemnification from any insured depository institution for the Consent Order.

7. Respondent waives the following rights to:
   a. present defenses to any allegations in the Notices;
   b. a hearing on any allegations in the Notices;
   c. file Proposed Findings of Fact and Conclusions of Law;
   d. have a Recommended Decision issued by an Administrative Law Judge;
   e. file exceptions to and briefs on a Recommended Decision; and
   f. seek judicial review of the Orders under 12 U.S.C. § 1818(h), or any other challenge to the validity of the Orders.

8. The Prohibition Order is enforceable under 12 U.S.C. § 1818(i), and any violation of the Prohibition Order may result in additional penalties under 12 U.S.C. § 1818(j). The FDIC will not take action to enforce the Prohibition Order, unless the FDIC has reason to believe that

3

EXHIBIT 2 PAGE 4

Respondent has violated or is about to violate any provision of the Prohibition Order.

9. The Consent Order is enforceable under 12 U.S.C. § 1818(i). The FDIC will not take action to enforce the Consent Order, unless the FDIC has reason to believe that Respondent has violated or is about to violate any provision of the Consent Order.

10. This Consent Agreement does not waive any right, power, or authority of the United States; federal, state, or local agencies; or the FDIC as Receiver.

Dated: October 15, 2024.

_____
Walt Siedentopf
Counsel
FDIC Legal Division
10 10th St NE
Suite 800
Atlanta, GA 30309

_____
John C. Ponte
~~1000 Chapel View Boulevard~~ 100 Centerville Road
~~Unit 309~~ Suite 1
~~Cranston, RI 02920~~ Warwick, RI 02886

_____
Christopher M. Mulhearn, Esq.
Law Office of Christopher M. Mulhearn, Inc.
~~1300 Division Road, Suite 304~~ 100 Centerville Road
~~West Warwick, RI 02893~~ Suite 1
Warwick, RI 02886

4

EXHIBIT 2 PAGE 5