# Exhibit 3

FEDERAL DEPOSIT INSURANCE CORPORATION

WASHINGTON, D.C.

CERTIFICATION

I, Jennifer M. Jones, Deputy Executive Secretary, Federal Deposit Insurance Corporation, hereby certify and attest that the annexed document is a true and correct copy of an official record of the Federal Deposit Insurance Corporation, said official record being contained in the case files relating to "In the Matter of John C. Ponte, an institution-affiliated party of Independence Bank, East Greenwich, Rhode Island," Docket Nos. FDIC-22-0109e and FDIC-22-0143b:

A document entitled "Order of Prohibition from Further Participation and Order for Restitution," issued under delegated authority by Patricia A. Colohan, Associate Director, Federal Deposit Insurance Corporation, dated October 15, 2024.

I have subscribed my name and caused the seal of the Corporation to be affixed hereon, this 23rd day of January, 2026.



**089067**

JENNIFER JONES
Digitally signed by JENNIFER JONES
Date: 2026.01.23 14:00:16 -05'00'

Jennifer M. Jones
Deputy Executive Secretary

EXHIBIT 3 PAGE 1

FEDERAL DEPOSIT INSURANCE CORPORATION

WASHINGTON, D.C.

| | |
|---|---|
| In the Matter of<br><br>John C. Ponte, an institution-affiliated party of<br><br>Independence Bank<br>East Greenwich, Rhode Island<br><br>(Insured State Nonmember Bank)<br><br>Respondent's NMLS UI# N/A | ORDER OF PROHIBITION FROM FURTHER PARTICIPATION and ORDER FOR RESTITUTION<br><br>FDIC-22-0109e<br>FDIC-22-0143b |

John S. Ponte (Respondent) received a Notice of Intention to Prohibit from Further Participation (Notice) detailing Respondent's violations of regulations and unsafe or unsound banking practices for which an Order of Prohibition from Further Participation (Prohibition Order) may be issued under 12 U.S.C. § 1818(e).

Respondent was advised of the right to a hearing on the Notice under 12 U.S.C. § 1818(e) and 12 C.F.R. Part 308, subparts A & B. Respondent waived certain rights under those provisions on October 15, 2024, and consented to the issuance of the Prohibition Order by entering into a Stipulation and Consent to the Issuance of an Order of Prohibition from Further Participation (Consent Agreement) with a representative of the Federal Deposit Insurance Corporation's (FDIC) Legal Division.

The FDIC determined and Respondent neither admits nor denies the following:

1. From 2017 to 2019, Respondent, as a referral agent for Independence Bank, East Greenwich, Rhode Island (Bank), originated potential loan applications for the benefit of the

EXHIBIT 3 PAGE 2

Bank. These potential loan applications were underwritten by the Bank. In the course of originating the potential loan applications, the Respondent participated in violations of regulations and engaged in an unsafe or unsound practice in connection with the Bank, with regard to those applications.

2. As described in paragraph 1, Respondent participated in violations of regulations and engaged or participated in unsafe or unsound practices in connection with the Bank.

3. Respondent's violations and unsafe and unsound practices caused the Bank to suffer financial loss and Respondent received financial gain and was unjustly enriched.

4. Respondent's violations and unsafe and unsound practices demonstrated Respondent's willful/continuing disregard for the safety or soundness of the Bank.

The FDIC accepts the Consent Agreement and issues the following:

### ORDER OF PROHIBITION FROM FURTHER PARTICIPATION

5. John C. Ponte is prohibited from:

   a. participating in any manner in the conduct of the affairs of any financial institution or organization listed in 12 U.S.C. § 1818(e)(7)(A);

   b. soliciting, procuring, transferring, attempting to transfer, voting, or attempting to vote any proxy, consent, or authorization with respect to any voting rights in any financial institution enumerated in 12 U.S.C. § 1818(e)(7)(A);

   c. violating any voting agreement previously approved by the appropriate Federal banking agency; and

   d. voting for a director or serving or acting as an institution-affiliated party.

6. The Prohibition Order is effective upon issuance and will remain effective and enforceable until the FDIC and any "appropriate Federal financial institutions regulatory

EXHIBIT 3 PAGE 3

agency," defined at 12 U.S.C. § 1818(e)(7)(D), decide in writing to modify, terminate, suspend, or set aside the Order under 12 U.S.C. § 1818(e)(7)(B).

7. The Prohibition Order is enforceable under 12 U.S.C. § 1818(i), and any violation of the Prohibition Order may result in additional penalties under 12 U.S.C. § 1818(j).

8. The Prohibition Order does not waive any right, power, or authority of the United States; federal, state, or local agencies; or the FDIC as Receiver.

## ORDER FOR RESTITUTION

IT IS HEREBY ORDERED, that the Respondent shall pay restitution of $1,000,000, in the time and manner set forth in the Consent Agreement, to reimburse parties (not including the Bank) the FDIC determines to be affected by the conduct described in paragraph 1. In addition, the Respondent shall provide the Deputy Regional Director of the Boston Area Office of the FDIC with the written confirmation of the payments set forth in the Consent Agreement.

IT IS FURTHER ORDERED, that the Respondent is prohibited from seeking or accepting indemnification from the Bank or from any other insured depository institution for the restitution paid under the terms of this Order or any other expenses, including attorney fees and disbursements incurred by the Respondent, in connection with this matter.

This Order shall be effective upon its issuance by the FDIC.

The provisions of this Order shall remain effective and enforceable except to the extent that, and until such time as, any provisions of this Order shall have been modified, terminated, suspended, or set aside by the FDIC.

Issued under delegated authority.

Dated: October 15, 2024

EXHIBIT 3 PAGE 4

PATRICIA COLOHAN
Digitally signed by PATRICIA COLOHAN
Date: 2024.10.15 16:49:19 -04'00'

Patricia A. Colohan
Associate Director
Division of Risk Management Supervision

EXHIBIT 3 PAGE 5